UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTA JOSEPH, St. Johns County
Commissioner,

    Plaintiff,

v.                               Case No. 3:24-cv-35-HES-PDB

BRIAN S. KRAMER, State Attorney
for the Eighth Judicial Circuit of
Florida,

    Defendant.
_____/

## ORDER

This matter is before this Court on Plaintiff's "Emergency Motion for Preliminary Injunction" (Dkt. 51).

On January 10, 2024, Plaintiff initiated this action for declaratory judgment under 28 U.S.C. § 2201 to clarify that she, an elected commissioner of the St. Johns County Board of County Commissioners, has the First Amendment right to speak on matters of political concern in St. Johns County. (Dkt. 1.) Plaintiff argues this action is necessary because she faces a credible threat of criminal prosecution for speaking on political matters. (*Id.*) The events triggering this action occurred at a meeting of the Board of County Commissioners on November 21, 2023. (*Id.*)

This Court held a preliminary pretrial conference in this matter on May 29, 2024, at which counsel for both parties appeared. Several hours after the hearing, Plaintiff filed this emergency motion. Plaintiff moves for a preliminary injunction prohibiting Defendant from instituting a criminal prosecution against her under section 104.31(1), Florida Statutes. Citing to statements made by the defense at the pretrial hearing, Plaintiff asserts that the "thinly veiled threat" of a criminal prosecution has chilled her political speech for several months. (Dkt. 51 at 1.) And now that Defendant has announced his intention to prosecute her, this chill has "become acute and amounts to an irreparable injury." (*Id.* at 2.) Plaintiff requests this emergency injunctive relief so that she may engage in political speech during this election and asks this Court to rule on her emergency motion by May 31, 2024. (*Id.*)

While Plaintiff cites to statements made at the hearing yesterday–about Defendant's intention to seek criminal charges against her–as the motivation for the filing of this emergency injunction, the reality is that this "emergency" has existed since the filing of this lawsuit in January 2024. This potential prosecution is the essence of this lawsuit and has been a risk during the entire pendency of this case. The election pending in August has also been known to Plaintiff. Yet instead of exercising due diligence, counsel allowed this case to linger for months. Counsel appears to suddenly

recognize the imminence of that August election and asks this Court to modify the case management conference order to move up the trial date and grant an emergency injunction. In reality, the "emergency" nature of this motion is one of counsel's own making.

With that said, this Court declines to fast track this motion and rule within the requested two days because of counsel's lack of due diligence. This Court finds it appropriate to give Defendant the customary response time detailed in Rule 3.01(c) of the Local Rules of the Middle District of Florida.

Accordingly, it is **ORDERED**:

Defendant may file a response to Plaintiff's "Emergency Motion for Preliminary Injunction" (Dkt. 51) within fourteen days of this Order.

**DONE AND ENTERED** at Jacksonville, Florida, this 30th day of May 2024.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
William Bradley Russell, Jr., Esq.
Emily J Witthoeft, Esq.
William H. Stafford, Esq.