UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTA JOSEPH, St. Johns County Commissioner,

    Plaintiff,

v.                                          Case No. 3:24-cv-35-HES-PDB

BRIAN S. KRAMER, State Attorney for the Eighth Judicial Circuit of Florida,

    Defendant.
_____/

## ORDER

This matter is before this Court on "Defendant's Amended Motion to Dismiss and Incorporated Memorandum of Law" (Dkt. 35); Plaintiff's "Response to Amended Motion to Dismiss" (Dkt. 38); and "Defendant's Reply in Support of Amended Motion to Dismiss" (Dkt. 43).

On January 10, 2024, Plaintiff initiated this action for declaratory judgment under 28 U.S.C. § 2201 to clarify that she, an elected commissioner of the St. Johns County Board of County Commissioners, has the First Amendment right to speak on matters of political concern in St. Johns County. (Dkt. 1.) Plaintiff argues this action is necessary because she faces a credible threat of criminal prosecution for speaking on political matters. (*Id.*)

The events triggering this action occurred at a meeting of the Board of County Commissioners on November 21, 2023. (*Id.*)

The Complaint originally named the State Attorney for the Seventh Circuit and the St. Johns' County Board of Commissioners as Defendants. (Dkt. 1). Plaintiff later dismissed the St. Johns County Board of Commissioners, and substituted Defendant into this action. (Dkts. 14; 20; 21.) Defendant then asked for leave to file an amended motion to dismiss which was granted by this Court. (Dkt. 25.) On April 10, 2024, Defendant filed an Amended Motion to Dismiss, asking this Court to dismiss the Complaint on three grounds: (1) the Complaint is an improper shotgun pleading; (2) the *Younger*[1] abstention doctrine applies; and (3) the Complaint lacks sufficient factual allegations to state a claim for injunctive or declaratory relief. (Dkt. 35 at 3.)

This Court held a preliminary pretrial conference on May 29, 2024, at which counsel for both parties appeared. During this hearing, the parties presented argument about many issues contained within the amended motion to dismiss, including whether Defendant intends to prosecute Plaintiff for allegedly violating Section 104.31(1)(a), Florida Statutes. At the end of the hearing, defense counsel announced that Defendant intends to take his investigation to a grand jury.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

In deciding a Rule 12(b)(6) motion, a court must construe the complaint broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and must view the allegations in the complaint in the light most favorable to the plaintiff. *Hawthorne v. MacAdjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In doing so, the court cannot review the complaint's allegations in isolation; instead, it must draw reasonable inferences in plaintiff's favor. *Nat'l Rifle Ass'n of Am. v. Vullo*, No. 22-842, 2024 WL 2751216, at *9 (U.S. May 30, 2024).

This Court does not find this pleading to be a shotgun pleading as Plaintiff has alleged one cause of action for declaratory relief. As to the remaining issues raised in the Amended Motion to Dismiss, given the events of the May 29, 2024 hearing, this Court finds the arguments made in the Amended Motion to Dismiss no longer accurately reflect the issues pending here. With that said, this Court *sua sponte* finds it appropriate to allow Plaintiff an opportunity to amend her Complaint–in light of the events this week–if she so chooses.

Accordingly, it is **ORDERED**:

1. "Defendant's Amended Motion to Dismiss and Incorporated Memorandum of Law" (Dkt. 35) is **DENIED**; and

2. This Court grants Plaintiff leave to file an amended complaint. Plaintiff shall have until Tuesday, June 4, 2024 at 5:00 p.m. to file.

3

**DONE AND ENTERED** at Jacksonville, Florida, this 31st day of May 2024.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

William Bradley Russell, Jr., Esq.
Emily J Witthoeft, Esq.
William H. Stafford, Esq.