UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTA JOSEPH, St. Johns County Commissioner,

    Plaintiff,

v.                                              Case No. 3:24-cv-35-HES-PDB

BRIAN S. KRAMER, State Attorney
for the Eighth Judicial Circuit of Florida,

    Defendant.
_____/

## O R D E R

This matter is before this Court on "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Mootness" (Dkt. 81), "Defendant's Unopposed Motion to Stay Proceedings" (Dkt. 82) and "Commissioner Joseph's Statement of Position with Regard to Mootness" (Dkt. 83).

In this action, Plaintiff sought a declaration of her rights under § 104.031(1)(a), Florida Statutes, in relation to comments she made at a November 2023 meeting of the St. Johns County Commission. On October 27, 2024, Plaintiff filed a Motion for Summary Judgment. Rather than respond to the motion, on December 20, 2024, Defendant filed a "Motion to Dismiss for

Lack of Subject Matter Jurisdiction Based on Mootness" (Dkt. 81). The Motion to Dismiss asserts this case became moot because of Defendant's determination he will not seek to prosecute Plaintiff for her actions during the November 21, 2023, meeting of the St. Johns County Commissioners. Defendant also suggests it is advisable to stay these proceedings until this Court rules on the Motion to Dismiss.

Plaintiff, in response, claims she filed this action seeking relief that would have permitted her to speak freely on political topics in connection with the August 2024 primary election. She obtained a preliminary injunction granting this relief (Dkt. 66) and was able to speak freely through the August election. Now that Defendant has decided he cannot prosecute her, it appears this relief has been made permanent. Plaintiff seems to have prevailed here, and there is no further need for litigation. Plaintiff explains she does not intend to pursue further litigation on the merits of this case. But she insists her claim for attorney's fees remains viable.

This Court accepts the parties' invitation and grants the motion to dismiss because this case has become moot. But this Court will consider Plaintiff's claim for attorney's fees. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (explaining, "It is well established that a federal court may consider collateral issues after an action is no longer pending. For

example, district courts may award costs after an action is dismissed for want of jurisdiction.").

Accordingly, it is **ORDERED**:

1. "Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Mootness" (Dkt. 81) is **GRANTED**. This Court will retain jurisdiction to decide the outstanding Motion for Attorney's Fees and Costs (Dkt. 67);

2. "Defendant's Unopposed Motion to Stay Proceedings" (Dkt. 82) is **DENIED as MOOT**; and

3. Plaintiff will have 14 days from this Order to update her Motion for Attorney's Fees and Costs with accompanying affidavits.

**DONE AND ENTERED** at Jacksonville, Florida, this 29 day of January 2025.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
William Bradley Russell, Jr, Esq.
Emily J Witthoeft, Esq.
William H. Stafford, Esq.

3