UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTA JOSEPH, St. Johns County
Commissioner,

    Plaintiff,

v.                                          Case No. 3:24-cv-35-HES-PDB

BRIAN S. KRAMER, State Attorney
for the Eighth Judicial Circuit of Florida,

    Defendant.
_____/

## O R D E R

This matter is before this Court on Commissioner Joseph's "Motion for Attorney's Fees and Costs" (Dkt. 67); "Defendant's Response in Opposition to Plaintiff's Motion for Interim Attorney Fees and Incorporated Memorandum of Law" (Dkt. 68); "Defendant's Omnibus Motion to Stay and Motion for Leave to File Amended Response to Plaintiff's Motion for Attorney's Fees" (Dkt. 86); "Commissioner Joseph's Response in Opposition to Motion to Stay" (Dkt. 87), "Commissioner Joseph's Motion to Alter or Amend Order Dismissing Case as Moot" (Dkt. 88), "Commissioner Joseph's Notice of Supplemental Authority Regarding Motion to Alter or Amend" (Dkt. 89); and "Defendant's Response in Opposition to Plaintiff's Motion to Alter or Amend Order Dismissing Case as Moot" (Dkt. 90).

I.

Commissioner Joseph filed this action on January 10, 2024, seeking a declaratory judgment that she had a First Amendment right to engage in anti-incumbent political speech about a primary election in August 2024. On July 10, 2024, this Court granted a "preliminary injunction prohibiting State Attorney Kramer from instituting, maintaining, or prosecuting any criminal proceeding against Commissioner Joseph under § 104.31(1), Florida Statutes, if such proceeding is founded on political speech by Commissioner Joseph." (Dkt. 66).

Fourteen days later, Commissioner Joseph filed a motion for attorney's fees, under 42 U.S.C. § 1988, claiming "[f]or all practical purposes, this Court's order granting the preliminary injunction means Commissioner Joseph cannot be prosecuted for political speech and therefore resolves this case in her favor." (Dkt. 67, pg. 2). The motion also asserted she intended to work cooperatively with State Attorney Kramer to bring the case to a close, unless State Attorney Kramer intended to take an appeal or thought further substantive litigation was necessary. State Attorney Kramer objected to an award of fees and responded Commissioner Joseph had "only obtained preliminary relief that will necessarily undone if this case is ultimately decided against her, either at final judgment or on appeal." (Dkt. 68, pg. 2).

2

On December 23, 2024, State Attorney Kramer filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction Based on Mootness," arguing this case should be dismissed. (Dkt. 81). Commissioner Joseph, in response, filed a "Statement of Position" maintaining she did not intend to litigate in opposition to State Attorney Kramer's motion. (Dkt. 83). She explained, "it appears [she] has completely prevailed in this case, and there is no further need for litigation. As such, Commissioner Joseph does not intend to pursue further litigation on the merits in this case." *Id.* at 2. She reasoned,

> State Attorney Kramer's unilateral decision to reconsider his interpretation of section 104.31(1) cannot deprive this Court of jurisdiction. Even so, because Commissioner Joseph has already obtained full practical relief in this action, she does not intend to litigate in opposition to State Attorney Kramer's motion. Commissioner Joseph reaffirms her intent to seek an award of attorney's fees under section 1988. She disclaims any intention to abandon her claim for attorney's fees by not actively opposing State Attorney Kramer's motion on mootness.

(Dkt. 83, pg. 3).

On January 29, 2025, this Court granted State Attorney Kramer's mootness motion. (Dkt. 84, pg 2). This Court concluded that Commissioner Joseph "seems to have prevailed here," that there was no further need for litigation, and that it "will consider Plaintiff's claim for attorney's fees." (*Id.*)

3

II.

While this case was being litigated, *Lackey v. Stinnie*, 145 S. Ct. 659 (2025), was pending before the Supreme Court. *Lackey*, decided on February 25, 2025, directly impacts Commissioner Joseph's attorney fees claim resolution.

*Lackey* involved a challenge to the constitutionality of a Virginia statute that directed state courts to suspend the license of any driver who failed to pay any court-ordered fine, cost, restitution or penalty. *Id.* at 664. The district court granted the drivers a preliminary injunction prohibiting the statute's enforcement. *Id.* at 665. The Virginia State Assembly repealed the challenged statute, and "the parties agreed that the action had become moot and stipulated to dismissal." *Id.*

Plaintiffs maintained as prevailing parties they were "entitled to the fees under § 1988(b), so the parties jointly requested that the court retain jurisdiction to resolve that dispute." *Id.* The district court denied the attorney fees motion. *Id.* The Fourth Circuit, en banc, reversed, holding that, in some cases, a party who obtains a preliminary injunction in a case later dismissed as moot can be deemed a "prevailing party" for purposes of § 1988. *Id.* at 666. The Supreme Court "granted certiorari to determine whether the term 'prevailing party' in § 1988(b) encompasses a party who is awarded a

preliminary injunction, if the case becomes moot before the court reaches a final judgment." *Id.*

In resolving *Lackey*, the Supreme Court "recognized, the phrase 'prevailing party' in § 1988(b) is a "legal term of art." *Id.* (citing *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001)). The *Lackey* Court instructed a prevailing party can only be determined when "the matter is finally set at rest." *Id.* at 667 (citing Black's Law Dictionary 1352).

A preliminary injunction is not a complete resolution of "the rights of parties on the merits" but is "only temporary success at an intermediary "stage[ ] of the suit." *Id.* (citing Black's Law Dictionary 1352). Instead, a preliminary injunction is "a transient victory" that does not create a "'prevailing party' simply because external events convert the transient victory into a lasting one." *Id.* at 669.

The *Lackey* Court, therefore, established the bright-line rule, "A party 'prevails' when a court conclusively resolves his claim by granting enduring relief on the merits that alters the legal relationship between the parties." *Id.* at 671. A judicial order must bring about "both the change in relationship and its permanence." *Id.* A preliminary injunction is not enduring relief because it "temporarily preserves the parties' litigating positions based in part on a

prediction of the likelihood of success on the merits" but it "does not render a plaintiff a 'prevailing party.'" *Id.* at 671.

III.

Commissioner Joseph's fee motion seeks a determination she is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988(b). While it is true this Court's Order granted her motion for preliminary injunction, Commissioner Joseph obtained

State Attorney Kramer recognized at the time the mootness motion the Eleventh Circuit caselaw allowed, in some cases, an award of attorney's fees under § 1988 when a party obtained preliminary relief in a case that became moot. *See Common Cause Georgia v. Georgia*, 17 F.4th 102, 107 (11th Cir. 2021). But *Lackey* has foreclosed this relief, and Commissioner Joseph's motion must be denied.

IV.

Finally, Commissioner Joseph moves, based on Federal Rule of Civil Procedure 59(e), for an order altering or amending this Court's Order of January 29, 2025, which dismissed this case as moot. She insists State Attorney Kramer is pursuing a strategy to prevent this Court from awarding her attorney's fees.

The unfortunate practical result of this strategy is that it requires Commissioner Joseph to continue litigating beyond the point at which she has already achieved all the relief she sought in filing this lawsuit or risk losing her right to attorney's fees under § 1988. To address that risk, Commissioner Joseph now seeks reconsideration of the order dismissing this case as moot.

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment" but "no later than 28 days after the entry of the judgment." Fed. R. Civ. Proc. 59(e). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. New Hampshire Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). A motion under Rule 59(e), cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Commissioner Joseph's motion does not satisfy any exceptional circumstances that warrant granting Rule 59(e) relief. First, there has not been a change in the factual or legal underpinning of this Court's Order nor any

manifest error. Second, perhaps most importantly, this Court accepted Commissioner Joseph's representation that she did not oppose the mootness motion and dismissed the case. Commissioner Joseph knowingly and purposefully waived any objection she could have raised to dismissing her case when she chose not to object to the motion. She cannot now seek to alter this Court's ruling because she has changed her position.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion for Attorney's Fees and Costs" (Dkt. 67) is **DENIED**;

2. "Defendant's Omnibus Motion to Stay and Motion for Leave to File Amended Response to Plaintiff's Motion for Attorney's Fees" (Dkt. 86) is **DENIED as MOOT**;

3. "Commissioner Joseph's Motion to Alter or Amend Order Dismissing Case as Moot" (Dkt. 88) is **DENIED**; and

4. The Clerk is directed to terminate all pending motions and close this file.

**DONE AND ENTERED** at Jacksonville, Florida, this 31st day of March 2025.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

8

Copies to:
William Bradley Russell, Jr, Esq.
Emily J Witthoeft, Esq.
William H. Stafford, Esq.